IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-114-2BO
NO. 5:11-CV-589-BO

JOSE ARTURO GALLEGOS-GONZALEZ       )
          Petitioner,       )
                                     )
                                     )
          v.       )       O R D E R
                                     )
UNITED STATES OF AMERICA,       )
          Respondent.       )

      This cause comes before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 [DE 81]. An evidentiary hearing was held before the

undersigned on August 22, 2012, at Raleigh, North Carolina. For the reasons discussed below,

petitioner's motion to vacate is denied.

<h3 style="text-align:center">BACKGROUND</h3>

      On June 8, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to one

count of conspiracy to possess with the intent to distribute more than 100 kilograms of

marijuana. As part of his plea agreement, petitioner agreed to waive the right to appeal. In his

plea, petitioner acknowledged that the minimum term of imprisonment was 60 months. On

October 26, 2010, this Court sentenced petitioner to a term of 48 months' imprisonment, as well

as other penalties.

      Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on October 24, 2011,

raising three claims of ineffective assistance of counsel. First, he claims that his attorney failed

to file a notice of appeal, contrary to petitioner's instructions. Second, he claims that his attorney

failed to object to highly prejudicial evidence and "coerced and induced" him into pleading

guilty. Third, petitioner claims that his attorney failed to inform him of the potential immigration consequences of pleading guilty, contrary to *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

The government did not oppose a hearing on petitioner's first and third claims, but contends that petitioner's second claim should be dismissed. The Court will address each of petitioner's claims in turn.

DISCUSSION

I. <u>Failure to file a notice of appeal</u>

Defense counsel's failure to file a notice of appeal when requested deprives a defendant of his Sixth Amendment right to effective assistance of counsel, even if the requested appeal will likely not succeed. *United States v. Peak*, 992 F.2d. 29, 42 (4th Cir. 1993). The issue before this Court then is to determine whether petitioner actually requested that his attorney file a notice of appeal.

Defense counsel for petitioner, Mr. Chetson, testified at the evidentiary hearing. Mr. Chetson stated that petitioner did not request that he file a notice of appeal. Mr. Chetson discussed a phone call that was held subsequent to petitioner's sentencing at which the possibility of an appeal was discussed, and noted that Mr. Chetson had advised petitioner against an appeal and petitioner had not requested an appeal.

Petitioner and Isella Cruz also testified at the hearing, stating that petitioner was unhappy with his sentence and had specifically requested that Mr. Chetson file a notice of appeal.

Having considered the conflicting testimony in this matter, the Court credits the testimony of Mr. Chetson and finds that petitioner did not expressly request that an appeal be filed on his behalf. Accordingly, Mr. Chetson's performance was not *per se* ineffective under

2

*Peak.*

The Court further finds that Mr. Chetson's performance was not deficient under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega*, the Supreme Court addressed counsel's failure to file a notice of appeal even when not instructed to do so by a defendant, holding that such circumstance requires application of the two-part *Strickland* inquiry and consideration of counsel's assistance in light of the circumstances of each case. *Id.* at 478 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The Supreme Court considered two situations under which such a claim might arise. First, the Court held that if counsel has consulted with the defendant about the possibility of an appeal, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. Second, if counsel had not consulted with the defendant about the possibility of an appeal, a court must consider "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* Counsel has a duty to consult with a defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.

Mr. Chetson recalled that in a phone call he consulted with petitioner about the possibility of an appeal, advising against one, and that petitioner did not request an appeal. After considering the testimony in this matter the Court credits Mr. Chetson's recollection and finds that he did consult with petitioner and that petitioner did not request an appeal. Even assuming, however, that Mr. Chetson did not consult with petitioner about an appeal, the Court does not finds that his performance was deficient.

3

As discussed above, the Court does not credit the testimony of petitioner that he requested an appeal, and the Court has no additional evidence before it, such as a letter to Mr. Chetson or the Court, to suggest that petitioner otherwise reasonably demonstrated to Mr. Chetson that he was interested in appealing.[1] Further, the Court finds that no rational defendant would have wanted to appeal. Petitioner had pleaded guilty pursuant to a plea agreement, and specifically waiving his right to appeal. Petitioner received credit in his sentencing guidelines for his acceptance of responsibility and was sentenced under the safety valve of 18 U.S.C. § 3553(f) to a term of imprisonment below his statutory minimum. Accordingly, the Court finds that even if counsel did not consult with petitioner about an appeal, such failure does not constitute deficient performance. Petitioner's first claim for relief is denied.

II. Guilty plea

Petitioner's second claim of ineffective assistance of counsel relates to his counsel's failure to object to highly prejudicial evidence and counsel's alleged coercion and inducement of petitioner to plead guilty. Petitioner contends that he is innocent of the count in this case.

In order to show that counsel was ineffective, *Strickland v. Washington*, 466 U.S. 668 (1984) requires that petitioner demonstrate (1) "that counsel's performance fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. The government correctly notes that "judicial scrutiny of counsel's performance must

---

[1]Petitioner states in his motion that he inquired of the Court in August 2011 as to the status of his appeal. The Court finds no record of such inquiry on the docket. Rather, in July 2011 petitioner filed a request for transcript at the government's expense so that he could prepare a § 2255 motion.

be highly deferential." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010). Further, courts apply a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

Petitioner stated in his plea agreement that he understood the elements of the offense to which he was pleading, the minimum and maximum sentences for that offense, and the authority of the Court to determine an appropriate sentence. Furthermore, as noted by the government, petitioner's statements during the Rule 11 hearing, indicating that the plea was voluntarily made, "severely undercut Petitioner's claims of ineffective assistance of counsel" [DE 87 at 4]. Specifically, petitioner stated that he was satisfied with his lawyer's work, that no one threatened or forced him to plead guilty, and that he agreed to his plea agreement in which he waived his right to appeal. "[A]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Petitioner has provided no clear and convincing evidence to contradict his statements made under oath during his plea colloquy. Petitioner cannot therefore show that counsel was ineffective regarding his guilty plea or that counsel coerced or induced him to plead guilty.

Insofar as petitioner's claim relates to counsel's apparent failure to object to highly prejudicial evidence, such claim also fails. First, petitioner has not identified the highly prejudicial evidence to which counsel should have objected, nor has he identified that stage of the proceeding at which counsel should have objected. Furthermore, the matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-

trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). The rigorous standards of deference applicable to trial counsel's strategy and tactics and petitioner's failure to identify the prejudicial evidence cause this aspect of petitioner's second claim for relief to fail as well.

III. *Padilla* claim

At the evidentiary hearing, petitioner admitted that he was aware of the immigration consequences of guilty plea. Further, Mr. Chetson has declared that he informed petitioner of the immigration consequences of his plea prior to petitioner's acceptance of the plea offer. For these reasons petitioner's third claim for relief is denied.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a

6

certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

CONCLUSION

For the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 81] is DENIED. The Court declines to issue a certificate of appealability.

SO ORDERED, this *16* day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE